IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW LUCAS FRAZIER,

        Plaintiff,                        No. CIV S-11-1351 GGH P

    vs.

REDDING POLICE DEPT., et al.,

        Defendants.               <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. See docket #'s 4 & 5.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $ 1.35 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1  preceding month's income credited to plaintiff's prison trust account.  These payments will be
2  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
3  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).
4         The court is required to screen complaints brought by prisoners seeking relief
5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
8  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
9  U.S.C. § 1915A(b)(1),(2).
10         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
12  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16  Cir. 1989); Franklin, 745 F.2d at 1227.
17         A complaint must contain more than a "formulaic recitation of the elements of a
18  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
19  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
20  "The pleading must contain something more...than...a statement of facts that merely creates a
21  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
22  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
23  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
24  v. Iqbal, __U.S.__, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct.
25  1955).  "A claim has facial plausibility when the plaintiff pleads factual content
26  ////

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff names the following defendants: Redding Police Department; Officer Jason Rhoads; Officer Rebecca Zinfall; Officer Peggy Porter and Officer Will Williams in an extremely abbreviated complaint that is difficult to decipher. Complaint, pp. 1-2. Plaintiff appears to claim that he was a "victim of vigilant[e]s and ran for help" on September 26, 2010 in Redding, flagging down a police car. Id., at 2. He then references defendant Rhoads and being "sprayed and bet up" [sic] (id.), but there is insufficient information provided for the allegation to be coherent. Plaintiff alleges he was taken to jail; that defendant Porter wrote a false report and "manufactured a crime"; defendant Williams helped. Id. On September 28, 2010, there was "a false report of his report saying I said something I didn't to cover up conduct which Jason Rhoads did." Id. Plaintiff then alleges that defendant Rhoads used excessive force, that plaintiff suffered injury, including mental and emotional, and that Rhoads admitted what he had done "and said sorry." Plaintiff's claim for relief, such as it is, is indecipherable. Id.

Fed. R. Civ. P 8 sets forth general rules of pleading in the federal courts. Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)). Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.) The scanty and

disjointed allegations of the complaint are insufficient to provide fair notice to the defendants of plaintiff's claims against them.  For example, plaintiff must more clearly allege the facts on which he predicates his claim of excessive force.  In addition, he must set forth the factual predicate for any claim that a false report was filed.  In addition, plaintiff must plainly set forth the relief he seeks.   The complaint will be dismissed but plaintiff will be granted leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $ 1.35.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections

1 and Rehabilitation filed concurrently herewith.

2       3. The complaint is dismissed for the reasons discussed above, with leave to file

3 an amended complaint within twenty-eight days from the date of service of this order.  Failure to

4 file an amended complaint will result in a recommendation that the action be dismissed.

5 DATED: July 5, 2011

                                              /s/ Gregory G. Hollows

                                    GREGORY G. HOLLOWS
                                    UNITED STATES MAGISTRATE JUDGE

GGH:009
fraz1351.b