IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW LUCAS FRAZIER,

    Plaintiff,                    No. CIV S-11-1351 GGH P

  vs.

REDDING POLICE DEPT., et al.,

    Defendants.           <u>ORDER</u>

_____/

        Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff has exhibited sufficient knowledge about his case such that appointment of counsel is not warranted. Plaintiff's request for the appointment of counsel will therefore be denied.

        Plaintiff has also requested issuance of a subpoena duces tecum form for both personal appearance and production of documents and things at trial or at a hearing "because the

things I need are at issue." See request. The court construes the request as one for a signed subpoena Fed. R. Civ. P. 45. Plaintiff is informed:

> that the court cannot compel nonparties to provide plaintiff with information but can order them to produce documents if properly requested. Plaintiff may compel a person who is not a party to this action to produce documents for inspection and copying pursuant to a subpoena duces tecum. See Fed. R. Civ. P. 34(c), 45(a). In order to do so, plaintiff must fill out subpoena forms and ensure that each person is served with the subpoena by a non-party. Plaintiff must tender to each person "the fees for one day's attendance and the mileage allowed by law." Fed R. Civ. P. 45(b)(1). The current requisite fee for each person is forty dollars per day, see 28 U.S.C. § 1821(b), and cannot be waived for a plaintiff proceeding in forma pauperis. See Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir.1993). These requirements do not apply to a request for production of documents from one party on any other party. See Fed. R. Civ. P. 34(a)."

Roberts v. Paulson, 2010 WL 2632102 *1 (N.D. Cal. 2010).

The undersigned will instruct the Clerk of the Court to send plaintiff a blank subpoena form.

> [T]he court will consider ordering the United States Marshal to serve a subpoena duces tecum on a non-party if plaintiff submits to the court a completed subpoena form and the requisite fee. The form must describe the items to be produced with reasonable particularity and designate a reasonable time, place and manner for their production.

Id.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 9, 2011, request for the appointment of counsel (Docket No. 17) is denied;

\\\\\

\\\\\

\\\\\

\\\\\

\\\\\

2

2. Plaintiff's November 7, 2011, request for a subpoena form (Docket No. 15) is granted and the Clerk of the Court is directed to provide plaintiff with a blank subpoena form along with this order.

DATED: December 1, 2011

                                        /s/ Gregory G. Hollows  
                                     UNITED STATES MAGISTRATE JUDGE

GGH:009/kly  
fraz1351.31+