IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW LUCAS FRAZIER,

    Plaintiff,                      No. CIV S-11-1351 GGH P

    vs.

REDDING POLICE DEPT., et al.,

    Defendants.           ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. The gravamen of plaintiff's second amended complaint is a claim of excessive force by defendants Redding Police Dept. and Officers Rhoads and Zufall. Plaintiff has filed a "motion for Injunction and Temporary Restraining Order (TRO)" in which he seeks access to writing materials, to legal research material and to his own legal property. See docket # 30.

        The court construes plaintiff's motion for a TRO/preliminary injunctive relief as a motion for a protective order because a proper motion for injunctive relief must relate to the allegations of the complaint and seek an outcome that may ultimately be available in the action. If there is no such relation, injunctive relief is not properly sought. "[T]he purpose and effect of the injunction is to provide security for performance of a future order which may be entered by the court." De Beers Consolidated Mines, Ltd. v. United States, 325 U.S. 212, 219-220, 65 S.Ct. 1130 (1945). "Thus, a party moving for a preliminary injunction must necessarily establish a

relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir.1994) (affirming district court's order denying without hearing plaintiff's motion for preliminary injunction on the ground that it had "nothing to do with preserving the district court's decision-making power over the merits of [plaintiff's] 42 U.S.C. § 1983 lawsuit") (citation omitted); cf., State of New York v. United States Metals Refining Co., 771 F.2d 796, 801 (3rd Cir. 1985) (affirming district court's order granting preliminary injunction because relief requested was also available to the court pursuant to final judgment, making the distinction that "this is not a case where the preliminary injunction 'deals with a matter lying wholly outside the issues in the suit,' De Beers, 325 U.S. at 200 []"). Rule 65, Federal Rules of Civil Procedure, governing requests for injunctive relief, underscores this relevance requirement, pursuant to provisions allowing the hearing on preliminary injunction to be accelerated into a trial on the merits, preserving the right to jury trial if otherwise appropriate, and making evidence received at the hearing on preliminary injunction admissible at trial. None of these provisions would make sense if disputes outside the complaint, and on which no trial will be had, could be considered as proceedings for injunctive relief.

      As is evident, plaintiff's claims that he is being deprived of writing and legal materials and property and law library access does not go to the merits of his excessive force claims. Accordingly, this matter may be handled by court order. Plaintiff claims to have been placed in administrative segregation (ad seg) not for disciplinary reasons but because the prison is too full. Dkt # 30. Plaintiff states that in ad seg he is only allowed five pieces of paper. Id. It is unclear whether plaintiff is saying that "the law office officer" comes Tuesdays and Fridays or only on Fridays to respond to requests for paper and envelopes and on Tuesdays to make copies. Id. Plaintiff does state that the officer says that he can only have an envelope when he has something to send to court. Id. Plaintiff avers that he needs access to his legal work because he must respond to defendants' discovery requests. Id. The court notes that a Discovery and Scheduling Order, setting the discovery and pretrial motions deadlines was filed in this case on

January 31, 2012.  See dkt # 28.  In a separate request, plaintiff makes reference to the Federal Rules of Civil Procedure governing discovery requests and subpeonas and asks the court clerk to provide the discovery rules to him as well as subpoena forms.  See dkt # 31.  The court has previously provided plaintiff with a copy of the Local Rules.  See Order filed on December 2, 2011 (dkt # 20).  Plaintiff should be able to access the Federal Rules of Civil Procedure through the prison law library.  The court will direct the court clerk to provide plaintiff with two subpoena forms.

Because plaintiff's access to legal supplies is apparently very limited, and he is evidently being virtually cut off from prison law library access because he is being held in ad seg to accommodate the prison's administrative needs and not due to any misconduct on his part, the court will invoke the All Writs Act, 28 U.S.C. § 1651(a).  Usually persons or entities not parties to an action are not subject to orders for injunctive relief.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).  However, the fact one is not a party does not automatically preclude the court from acting.  The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law."  See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United States v. New York Telephone Co., 434 U.S. 159 (1977).  This section does not grant the court plenary power to act in any way it wishes; rather, the All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction.  Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).

The court is concerned that it may lose its jurisdiction if plaintiff is unable to prosecute this action because he cannot have access to his legal property and to the prison law library at Pleasant Valley State Prison where he is presently housed.

Accordingly,  IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a TRO/preliminary injunctive relief, filed on February 10, 2012 (dkt # 30), is construed as a motion for a protective order and as so construed is granted

1. to the extent that the warden of Pleasant Valley State Prison or his designee must inform this court, within twenty-one days, if plaintiff has been denied access to his legal property and the prison law library; if so, the court must be informed of accommodations being made to permit plaintiff to prosecute this action.

2. The Clerk of the Court is directed to provide plaintiff with two blank subpoena forms in response to plaintiff's request, filed on February 10, 2012 (dkt # 31); the request is otherwise denied.

3. The Clerk of the Court is directed to serve a copy of this order by U.S. mail upon Acting Warden P.D. Brazelton, Pleasant Valley State Prison, P. O. Box 8500, Coalingua, CA 93210.

DATED: February 15, 2012

        /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
fraz1351.ord2