IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW LUCAS FRAZIER,

      Plaintiff,                      No. CIV S-11-1351 GGH P

   vs.

REDDING POLICE DEPT., et al.,

      Defendants.             ORDER

            Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By order, by filed on March 15, 2012, the warden of Pleasant Valley State Prison (or his designee) was ordered to show cause why he should not be found to be in contempt of court and sanctioned for having failed to file a response to the court's order, filed on February 15, 2012, invoking the All Writs Act, 28 U.S.C. § 1651(a), whether plaintiff was denied access to his legal property and the prison law library; if so, to inform the court of accommodations being made to allow the plaintiff to prosecute this action. The undersigned noted that case docket indicated that the February 15th order had been properly served by U.S. mail upon the warden and that no mail had been returned, but that no response had been forthcoming. See, Order, filed on March 15, 2012, p. 2.

\\\\\

1

1       In a timely response to the March 15th show cause order, filed on April 4, 2012, Warden Brazelton declared that there is no record of the litigation coordinator's office having received the February 15, 2012, order directed to the warden, and that had he received such an order, he would have complied timely.  Declaration of Warden Brazelton, ¶ 2.

        In the original order, the court construed plaintiff's Feb. 10, 2012, motion for a TRO/preliminary injunctive relief as a motion for a protective order and granted it to the extent of requiring information from the warden (or a designee) as to whether plaintiff had been denied access to his legal property and the prison law library, and, if so, information as to what accommodations were being made to permit plaintiff to prosecute the instant action.  The warden has now declared that plaintiff received his legal property as of February 7, 2012, and provides five dates on which plaintiff has apparently had access to the prison law library for two hours at a time, beginning on February 7, 2012, and ending on March 9, 2012, in his declaration signed on April 3, 2012 (and filed on April 4, 2012).  Plaintiff had also indicated that he was essentially being deprived of the writing material he needs to mail discovery requests and responses to defendants.  In the Discovery and Scheduling Order, filed on January 31, 2012, the deadline for discovery was set forth as May 18, 2012 (with a dispositive motion deadline of September 10, 2012).  The court will address plaintiff's pending motions to compel discovery by separate order, but will require that the non-party Pleasant Valley State Prison personnel accommodate plaintiff's reasonable requests for writing paper and envelopes to serve discovery responses and requests upon defendants.

        Accordingly, IT IS ORDERED that:

        1. Pleasant Valley State Prison Warden P.D. Brazelton, having made a good faith showing in his April 4, 2012, declaration, addressing both the court's order, filed on February 15, 2012, and the show cause order, filed on March 15, 2012, finds that the warden has discharged those orders and has never been in contempt of court with regard to these orders; and

\\\\\

2. Plaintiff, apparently having been adequately accommodated with both the receipt of his legal property and law library access, is to inform the court, within fourteen days, whether his ability to prosecute this case is significantly obstructed due to a lack of writing paper or envelopes adequate to serve his discovery requests and responses upon defendants.

DATED: April 10, 2012

                                  /s/ Gregory G. Hollows
                                  UNITED STATES MAGISTRATE JUDGE

GGH:009
fraz1351.ord4