1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MATTHEW LUCAS FRAZIER,

11          Plaintiff,                    No. CIV S-11-1351 GGH P

12      vs.

13   REDDING POLICE DEPT., et al.,

14          Defendants.                   <u>ORDER</u>

15   _____/

16          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C.

17   § 1983.  Pending before the court are 1) plaintiff's motion to compel defendants to answer

18   written deposition questions, filed on February 17, 2012; 2) plaintiff's motion and amended

19   motion for appointment of counsel, filed on February 17, 2012, and on March 12, 2012, to which

20   latter request, defendants filed a response on March 20, 2012; 3) plaintiff's motion for an order

21   compelling discovery, filed on March 12, 2012.

22   <u>Plaintiff's Motions to Compel</u>

23          In his initial motion, plaintiff simply and skimpily moves for the court to order

24   defendants to answer questions put to them under oath in their own words.  Motion at docket #

25   34.  Of course, defendants are required to respond to discovery questions [interrogatories] (to the

26   extent they are not objected to) under oath (<u>see</u> Fed. R. Civ. P. 33(b)(3)), so plaintiff's motion on

1

that basis is denied as moot.  Plaintiff does not provide any questions to which plaintiff indicates

a failure to respond.  Plaintiff also asks that the court advance costs for discovery expenses,

which is not an appropriate request.  To the extent that plaintiff seeks to have the defendants take

a deposition upon written questions, pursuant to Fed. R. Civ. P. 31, plaintiff fails to demonstrate

that he has complied with the requirements of  Fed. Rule 31(a)(3).  In the required notice from a

party who wishes to depose a person by written questions, inter alia, "the name or descriptive

title and address of the officer before whom the deposition will be taken" must be stated.  Under

Rule 31(b), "[t]he party who noticed the deposition must deliver to the officer a copy of all the

questions served and of the notice."  Thereafter, the officer is to take the testimony of the

deponent, prepare and certify the deposition and return it to the deposing party.  There is no

showing by plaintiff that he has complied with the requirements for taking a deposition by

written questions, and this motion must be denied.

        In his second motion for an order regarding discovery, it appears what is at issue

is a subpoena served on the third party California Department of Corrections and Rehabilitation

(CDCR), seeking global positioning system (GPS) "tracks [or trucks]."  Motion at 37, p. 1.

Plaintiff claims that at first the subpoenaed party permitted him the documents in part, which

plaintiff states he used to support his complaint.  Id.  Plaintiff states that when he sought more

detailed documentation as he had been directed, his request was denied and he was told to go

through the court, after which CDCR objected to the subpoena.  Id. at 2.

        What is at issue in the second amended complaint are plaintiff's allegations of the

use of excessive force against him by defendants Redding Police Department, Officer Jason

Rhoads and Officer Zufall, Badge # 167.[1]  See Order, filed on October 17, 2011, pp. 1-2.

---

        [1] "Claims by pretrial detainees are analyzed under the Fourteenth Amendment Due
Process Clause, rather than under the Eighth Amendment.  Bell v. Wolfish, 441 U.S. 520, 535 n.
16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).  Because pretrial detainees' rights under the
Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment,
however, we apply the same standards.  See Redman v. County of San Diego, 942 F.2d 1435,
1441 (9th Cir.1991)."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

1   According to plaintiff, on September 26, 2010, plaintiff ran to escape an assault by vigilantes

2   who thought he was a rapist, child molester and/or ex-gangmember.  Second Amended

3   Complaint (SAC), p. 1.  As plaintiff ran, defendant Officer Rhoads jumped out of his car,

4   pepper-sprayed plaintiff, forced him to lie on the ground, kneeing him numerous times in the

5   back and punching plaintiff in the face.  Id., at 1-2.   Defendant Officer Zufall cuffed plaintiff's

6   right hand; defendant Rhoads pinned down plaintiff's left hand then drew him up from the

7   ground roughly by the cuffs and threw him in the back of defendant Zufall's car as plaintiff

8   experienced a bout of asthma from the pepper spray.  Id., at 2.  When plaintiff arrived at the jail,

9   he had to be transported to the hospital for his injuries to be treated before he could be medically

10  cleared for jail.  Id.

11          It is unclear precisely what plaintiff is requesting by way of subpoena of the non-

12  party CDCR and how securing the documentation he evidently seeks could be relevant

13  information "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ.

14  P. 26(b)(1).  To the extent his purpose can be discerned it appears not to be significantly related

15  to the defendants who are in this action.  In any case a subpoena must conform to the

16  requirements of Fed. R. Civ. P. 45.   This motion will be denied.

17  Plaintiff's Renewed Motions for Appointment of Counsel

18          Plaintiff has previously been informed that the United States Supreme Court has

19  ruled that district courts lack authority to require counsel to represent indigent prisoners in

20  § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain

21  exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to

22  28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

23  Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  Plaintiff's initial request for appointment

24  of counsel in the instant case was denied because plaintiff had exhibited sufficient knowledge

25  about his case such that the undersigned found appointment of counsel not to be warranted.  See

26  Order, filed on December 2, 2011.  In the present case, as defendants point out, the issues are

1 relatively straightforward.  See response to motion for appointment of counsel, filed on March

2 20, 2012 (docket # 33).  This court does not find that the requisite exceptional circumstances are

3 present.

4         Accordingly, IT IS ORDERED that:

5         1.  Plaintiff's motion to compel defendants to answer deposition questions, filed

6 on February 17, 2012 (docket # 34), is denied;

7         2.  Plaintiff's motion for an order compelling discovery, filed on March 12, 2012

8 (docket # 37), is denied; and

9         3.  Plaintiff's request for appointment of counsel, filed on February 17, 2012

10 (docket # 33), and amended motion to appoint counsel, filed on March 12, 2012 (docket # 36),

11 are denied.

12 DATED: April 23, 2012

13            /s/ Gregory G. Hollows
           UNITED STATES MAGISTRATE JUDGE

14 GGH:009
fraz1351.ord5

15

16

17

18

19

20

21

22

23

24

25

26