IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW LUCAS FRAZIER,

        Plaintiff,                    No. CIV S-11-1351 GGH P

    vs.

REDDING POLICE DEPT., et al.,

        Defendants.           ORDER

                                /

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court are 1) plaintiff's motion to compel defendants to answer written deposition questions, filed on February 17, 2012; 2) plaintiff's motion and amended motion for appointment of counsel, filed on February 17, 2012, and on March 12, 2012, to which latter request, defendants filed a response on March 20, 2012; 3) plaintiff's motion for an order compelling discovery, filed on March 12, 2012.

Plaintiff's Motions to Compel

        In his initial motion, plaintiff simply and skimpily moves for the court to order defendants to answer questions put to them under oath in their own words. Motion at docket # 34. Of course, defendants are required to respond to discovery questions [interrogatories] (to the extent they are not objected to) under oath (see Fed. R. Civ. P. 33(b)(3)), so plaintiff's motion on

1

that basis is denied as moot.  Plaintiff does not provide any questions to which plaintiff indicates a failure to respond.  Plaintiff also asks that the court advance costs for discovery expenses, which is not an appropriate request.  To the extent that plaintiff seeks to have the defendants take a deposition upon written questions, pursuant to Fed. R. Civ. P. 31, plaintiff fails to demonstrate that he has complied with the requirements of  Fed. Rule 31(a)(3).  In the required notice from a party who wishes to depose a person by written questions, inter alia, "the name or descriptive title and address of the officer before whom the deposition will be taken" must be stated.  Under Rule 31(b), "[t]he party who noticed the deposition must deliver to the officer a copy of all the questions served and of the notice."  Thereafter, the officer is to take the testimony of the deponent, prepare and certify the deposition and return it to the deposing party.  There is no showing by plaintiff that he has complied with the requirements for taking a deposition by written questions, and this motion must be denied.

        In his second motion for an order regarding discovery, it appears what is at issue is a subpoena served on the third party California Department of Corrections and Rehabilitation (CDCR), seeking global positioning system (GPS) "tracks [or trucks]."  Motion at 37, p. 1.  Plaintiff claims that at first the subpoenaed party permitted him the documents in part, which plaintiff states he used to support his complaint.  Id.  Plaintiff states that when he sought more detailed documentation as he had been directed, his request was denied and he was told to go through the court, after which CDCR objected to the subpoena.  Id. at 2.

        What is at issue in the second amended complaint are plaintiff's allegations of the use of excessive force against him by defendants Redding Police Department, Officer Jason Rhoads and Officer Zufall, Badge # 167.[1]  See Order, filed on October 17, 2011, pp. 1-2.

---

[1] "Claims by pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eighth Amendment.  Bell v. Wolfish, 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).  Because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, however, we apply the same standards.  See Redman v. County of San Diego, 942 F.2d 1435, 1441 (9th Cir.1991)."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

1  According to plaintiff, on September 26, 2010, plaintiff ran to escape an assault by vigilantes
2  who thought he was a rapist, child molester and/or ex-gangmember. Second Amended
3  Complaint (SAC), p. 1. As plaintiff ran, defendant Officer Rhoads jumped out of his car,
4  pepper-sprayed plaintiff, forced him to lie on the ground, kneeing him numerous times in the
5  back and punching plaintiff in the face. Id., at 1-2. Defendant Officer Zufall cuffed plaintiff's
6  right hand; defendant Rhoads pinned down plaintiff's left hand then drew him up from the
7  ground roughly by the cuffs and threw him in the back of defendant Zufall's car as plaintiff
8  experienced a bout of asthma from the pepper spray. Id., at 2. When plaintiff arrived at the jail,
9  he had to be transported to the hospital for his injuries to be treated before he could be medically
10 cleared for jail. Id.

11       It is unclear precisely what plaintiff is requesting by way of subpoena of the non-
12 party CDCR and how securing the documentation he evidently seeks could be relevant
13 information "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ.
14 P. 26(b)(1). To the extent his purpose can be discerned it appears not to be significantly related
15 to the defendants who are in this action. In any case a subpoena must conform to the
16 requirements of Fed. R. Civ. P. 45. This motion will be denied.

17 Plaintiff's Renewed Motions for Appointment of Counsel

18       Plaintiff has previously been informed that the United States Supreme Court has
19 ruled that district courts lack authority to require counsel to represent indigent prisoners in
20 § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain
21 exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to
22 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.
23 Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). Plaintiff's initial request for appointment
24 of counsel in the instant case was denied because plaintiff had exhibited sufficient knowledge
25 about his case such that the undersigned found appointment of counsel not to be warranted. See
26 Order, filed on December 2, 2011. In the present case, as defendants point out, the issues are

relatively straightforward.  <u>See</u> response to motion for appointment of counsel, filed on March 20, 2012 (docket # 33).  This court does not find that the requisite exceptional circumstances are present.

Accordingly, IT IS ORDERED that:

1.  Plaintiff's motion to compel defendants to answer deposition questions, filed on February 17, 2012 (docket # 34), is denied;

2.  Plaintiff's motion for an order compelling discovery, filed on March 12, 2012 (docket # 37), is denied; and

3.  Plaintiff's request for appointment of counsel, filed on February 17, 2012 (docket # 33), and amended motion to appoint counsel, filed on March 12, 2012 (docket # 36), are denied.

DATED: April 23, 2012

                                 /s/ Gregory G. Hollows
                            UNITED STATES MAGISTRATE JUDGE

GGH:009
fraz1351.ord5