1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MATTHEW LUCAS FRAZIER,

11          Plaintiff,                        No. CIV S-11-1351 GGH P

12       vs.

13   REDDING POLICE DEPT., et al.,

14          Defendants.                       ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil

17   rights action.  On April 23, 2012, plaintiff filed another motion for the appointment of counsel

18   (docket # 48) and also filed a motion for his deposition to be postponed.[1]  Docket # 51.

19   Defendants oppose delaying the deposition, now scheduled for May 3, 2012.   Docket # 52.

20   Plaintiff's objection to being deposed at this time is predicated on his concern that he might be

21   asked questions which could have criminal implications for him.   Docket # 51.  Plaintiff states

22   that he did not testify in his criminal case and that the criminal matter is related to the incident at

23   issue in this civil rights action (claims by plaintiff of the use of excessive force against him by

24   defendants).   Id.  Plaintiff, who since the initial filing of his complaint, has evidently sustained a

25   _____

26      [1]  Other pending motions will be addressed by separate order.

1

1   criminal conviction and is now serving a sentence at Pleasant Valley State Prison, states that his

2   conviction is on appeal. Id. He asks that his deposition be continued until the court reconsiders

3   his request for appointment of counsel, at a minimum to represent him at his deposition.

4   However, plaintiff's previous requests were denied by orders filed on December 2, 2011, and on

5   April 23, 2012. The requests were denied because the court did not find the requisite exceptional

6   circumstances, Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright,

7   900 F.2d 1332, 1335-36 (9th Cir. 1990), and because plaintiff has exhibited sufficient knowledge

8   about his case and the issues of the case are relatively straightforward. Those circumstances have

9   not altered and, therefore, plaintiff's most recent request for appointment of counsel will also be

10  denied.

11          As to plaintiff's request that his deposition be delayed, the Ninth Circuit has noted

12  that the Fifth Amendment privilege against self-incrimination has long been recognized by the

13  United States Supreme Court as applying "alike to civil and criminal proceedings, wherever the

14  answer might tend to subject to criminal responsibility him who gives it." Campbell v. Gerrans,

15  592 F.2d 1054, 1057, citing McCarthy v. Arndstein, 266 U.S. 34, 40, 45 S.Ct. 16, 17 [] (1924);

16  see also, Doe ex rel. Rudy-Glanzer v. Glanzer, 232 F.3d 1258, 1263 (9th Cir. 2000), citing

17  Lefkowitz v. Turley, 414 U.S. 70, 77, 94 S.Ct. 316, 38 L.Ed.2d 274 (1973)(Fifth Amendment not

18  only protects witness from compelled self-incrimination in a criminal prosecution "but also

19  privileges him not to answer official questions put to him in any other proceeding, civil or

20  criminal, formal or informal, where the answers might incriminate him in future criminal

21  proceedings."). However, "the Fifth Amendment does not forbid adverse inferences against

22  parties to civil actions when they refuse to testify in response to probative evidence offered

23  against them.... ." Baxter v. Palmigiano, 425 U.S. 308, 96 S. Ct. 1551, 1558 (1976).

24          Assuming that this civil action and his criminal matter on appeal are related, if

25  plaintiff's criminal trial were pending at this time, the court would grant plaintiff's motion for a

26  stay of the discovery proceedings. However, as plaintiff has already been convicted in the

2

1  criminal matter and is serving a sentence at this point, the court finds there to be an insufficient

2  basis for a stay of plaintiff's civil litigation.  Plaintiff must proceed to his deposition, which was

3  evidently properly noticed (docket # 52), or risk dismissal of this action.

4         Accordingly, IT IS ORDERED that:

5         1.  Plaintiff's April 23, 2012 (docket # 48), motion for appointment of counsel is

6  denied; and

7         2.  Plaintiff's motion for a stay of discovery, i.e., that his deposition be postponed

8  or continued, filed on April 23, 2012 (docket # 51), is denied and plaintiff must appear for his

9  deposition on May 3, 2012; failure to do so may result in dismissal of this action.

10  DATED: April 27, 2012

11

12                                    /s/ Gregory G. Hollows

13                                    GREGORY G. HOLLOWS
                                      UNITED STATES MAGISTRATE JUDGE

14  GGH:009
    fraz1351.ord

15

16

17

18

19

20

21

22

23

24

25

26