IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW LUCAS FRAZIER,

        Plaintiff,                      No. CIV S-11-1351 GGH P

   vs.

REDDING POLICE DEPT., et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action. By order, filed on April 11, 2012, the court directed plaintiff to inform the court whether he was being significantly obstructed in his ability to prosecute this case by a lack of writing paper or envelopes to serve and respond to discovery requests. Docket # 44. In his response, filed on April 23, 2012, plaintiff indicates he still has trouble getting paper/envelopes but otherwise indicates he has generally been receiving law library access. Dkt # 46. Despite his complaint, however, the court notes that, in addition to his response, plaintiff filed five additional motions/requests on the same day, April 23, 2012. See dkt #'s 47-51. Hence, it does not appear on the face of it that plaintiff is being unduly hindered from proceeding in this case by a lack of paper supplies.

        Plaintiff filed a motion to compel responses, on April 6, 2012, to requests for production of documents, interrogatories and requests for admission propounded upon

1

defendants. Dkt # 41. However, in response, defendants contends that their responses were served timely. Dkt # 43. Moreover, plaintiff, himself, subsequently indicates that he sent his motion to compel one day before (April 3, 2012) he received the responses from defendants on April 4, 2012. Dkt # 49. Plaintiff's motion appears, therefore, to be moot. To the extent anything remains at issue, plaintiff has not adequately identified any specific response or production to an identified request or interrogatory with which he takes issue. Plaintiff has until May 18, 2012, to identify, with specificity, any deficiency he believes exists in any of the defendants' discovery responses or production.

Finally, plaintiff filed a motion for an extension of time of the May 18, 2012, discovery deadline[1] but fails to show good cause for the request. See Fed. R. Civ. P. 16(b)(4)("A schedule may be modified only for good cause... ."). The request, therefore, will be denied.

Accordingly, IT IS ORDERED that:

1. Plaintiff's April 6, 2012 (docket # 41), motion compel discovery responses from defendants is denied as moot; and

2. Plaintiff's motion for an extension of time of the discovery deadline, filed on April 23, 2012 (docket # 50), is denied.

DATED: April 30, 2012

       /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
fraz1351.ord6

---

[1] See Discovery and Scheduling Order, filed on January 13, 2012 (dkt # 28).

2