IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW LUCAS FRAZIER,

     Plaintiff,                            No. 2:11-cv-1351 AC P

   vs.

REDDING POLICE DEPT., et al.,

     Defendants.                      <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants Redding Police Department and Officers Rhoads and Zufall used excessive force in arresting him on September 26, 2010.

        By order filed on November 19, 2012, plaintiff was provided additional blank subpoena duces tecum forms to serve non-parties because the ones provided previously by the Clerk's office had evidently not been signed by the Clerk of the Court in conformance with Fed. R. Civ. P. 45(a)(3). <u>See</u> Doc. No. 75. Plaintiff has now submitted four subpoena duces tecum forms directed to the following non-parties: the Shasta County Sheriff's Department; the Shasta County Public Defender's office; the Redding Parole Unit; and Shascom 911.

1 What plaintiff has not done, however, is to provide the fees required to serve his
2 subpoenas, which he has been repeatedly cautioned to do. Tedder v. Odel, 890 F.2d 210, 211-12
3 (9th Cir. 1989) (fees/costs associated with subpoenas not waived based on plaintiff's in forma
4 pauperis status). Plaintiff was also, however, informed that in limited circumstances a court
5 might authorize personal service of a subpoena duces tecum by the U.S. Marshal on behalf of a
6 pro se prisoner litigant proceeding in forma pauperis. See Doc. No. 75, p. 13. The court must
7 weigh "the relevance of the information sought as well as the burden and expense to the
8 non-party in providing the requested information. Fed. R. Civ. P. 26, 45." Alexander v. CDCR,
9 2010 WL 5114931 * 3 (E.D. Cal. Dec. 9, 2010); see also, Heilman v. Lyons, 2010 WL 5168871
10 *1 (E.D. Cal. Dec. 13, 2010) (internal citations omitted). Service may be directed only if
11 plaintiff provides "clear identification of the documents sought and a showing that the records
12 are obtainable only through the identified third party." Id.

13 In the subpoena directed to the non-party Shasta County Sheriff's Department,
14 plaintiff provides specific information identifying himself and seeks all records of his intake
15 process at Shasta County Jail "from 9/26/10 to the present," including any video recording, as
16 well as all medical requests, medical evaluations, medical records and "pictur[e]s of incident of
17 Frazier 6/3/11 and all medical evaluation and treatment, and records of staff that worked through
18 the said date." To the extent that plaintiff seeks records of his intake on September 26, 2010 at
19 Shasta County Jail, medical requests, evaluations, records and photographs, if any, regarding his
20 physical condition immediately following the incident at issue, the materials sought could be
21 highly relevant to plaintiff's claims of excessive force. However, there does not appear to be any
22 basis for seeking records up to the present date, or for example, on June 3, 2011. Plaintiff has
23 not explained the relevance of such material.

24     The "Federal Rules of Civil Procedure were not intended to burden
        a non-party with a duty to suffer excessive or unusual expenses in
25      order to comply with a subpoena *duces tecum*." Badman v. Stark,
        139 F.R.D. 601, 605 (M.D.Pa.1991); see also, United States v.
26

1  Columbia Broadcasting System, Inc., 666 F.2d 364 (9th Cir.1982) (court may award costs of compliance with subpoena to
2  non-party).  Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors.  Badman, 139
3  F.R.D. at 605.

4  Alexander v. CDCR, 2010 WL 5114931 * 3.

5  "It is possible for a subpoena duces tecum to be unreasonable or oppressive, even

6 though the evidence sought to be procured is proved to be thereafter relevant at the trial."

7 Badman, 139 F.R.D. at 605.  For these reasons, the court will not direct the Marshal to serve this

8 subpoena absent plaintiff's payment of costs for personal service.

9  As to plaintiff's subpoena directed to the Shasta County Public Defender's Office,

10 plaintiff seeks "all electronically stored information of case # F-10-6928" (presumably the

11 number of plaintiff's state criminal case relating to his September 26, 2010 arrest).  He wants

12 access to "photos of the incident on September 26, 2010" and "[a]ll recordings of tapes [sic] of

13 that case, hospital and parole hearing."  He also seeks to command production of recordings of

14 "dis[patch] call of 911 calls and radio between officers, and any and all documents ...

15 subpoenaed in that case."  While plaintiff's requests for "any and all documents" the public

16 defender subpoenaed in his criminal case is arguably overbroad, plaintiff's focus is on recordings

17 and photographs concerning the September 26, 2010 incident at issue in this case.  Such

18 materials are indisputably central to the litigation of the claim.  The court will direct the U.S.

19 Marshal to serve this subpoena on the Shasta County Public Defender's Office.

20  As to the remaining subpoenas directed to non-parties Redding Parole Unit and

21 Shascom 911, for the reasons already set forth in the court's order, filed on November 19, 2012,

22 these subpoenas will not be served unless plaintiff provides payment for the costs of personal

23 service.

24  Accordingly, IT IS ORDERED that:

25  1. The U.S. Marshal provide personal service of plaintiff's subpoena duces tecum

26

upon the Shasta County Public Defender's Office within fourteen (14) days;

2. A copy of this order is to be served upon the U.S. Marshal's office, along with plaintiff's subpoena duces tecum directed to the Shasta County Public Defender's Office;

3. Plaintiff's request for service of the remaining three subpoenas duces tecum upon non-parties without pre-payment of the Marshal's costs of service is denied;

4. The Clerk of the Court is to return the three unserved subpoenas to plaintiff with this order.

DATED: January 8, 2013.

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

fraz1351.ord8