IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW LUCAS FRAZIER,

    Plaintiff,

vs.

REDDING POLICE DEPT., et al.,

    Defendants.

No. 2:11-cv-1351 AC P

<u>ORDER</u>

    Plaintiff has filed a request for reconsideration of the court's order filed January 9, 2013, directing that the U.S. Marshal personally serve one of four subpoenas duces tecum plaintiff had submitted and ordering the other three to be returned to plaintiff. Plaintiff contends that the three returned subpoenas should also be served by the U.S. Marshal at no expense to himself. This case proceeds by the consent of the parties under the jurisdiction of the undersigned. Plaintiff's request for reconsideration of the order by a district judge is therefore inappropriate because upon the written consent of the parties, under 28 U.S.C. § 636(c), a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." In other words, the parties' written consent permits a magistrate judge to exercise the jurisdiction otherwise reserved to a district judge.

Standards For Motions To Reconsider

Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process.  Thus Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion."  The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice."  Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment."  Costello v. United States, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991).  These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F.Supp. at 1009.

In the instant action, plaintiff presents no new argument for the court to order service of the three other subpoenas.  Plaintiff has been informed of the very limited circumstances under which a court might authorize service of subpoena duces tecum by the U.S. Marshal on behalf of a pro se prisoner litigant proceeding in forma pauperis and will not reiterate them here.  Plaintiff has been afforded significant consideration by the court's order directing service of a subpoena duces tecum on his behalf.  Plaintiff was free to serve the remaining

1  subpoenas if he could provide payment for the costs of personal service.  The order at issue will
2  be reaffirmed.
3          Accordingly, IT IS HEREBY ORDERED that, upon reconsideration, this court's
4  order of January 9, 2012 (ECF No. 88) is affirmed.
5  DATED: February 7, 2013.

                      ALLISON CLAIRE
                      UNITED STATES MAGISTRATE JUDGE

AC:009
fraz1351.850

3